IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARCUS SMITH**                                                                         **PETITIONER**

**V.**                                                      **CIVIL ACTION NO. 2:19CV27 KS-LRA**

**WARDEN SCOTT MIDDLEBROOK**                                **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Marcus Smith seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent asserts that the petition is time-barred pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996. Alternatively, Respondent argues that Petitioner's claims are procedurally defaulted for failure to exhaust administrative remedies. After a review of the record and the applicable law, the undersigned finds the petition is untimely and recommends that it be dismissed with prejudice.

In June 2012, Smith pled guilty to attempted sexual battery in the Circuit Court of Walthall County, Mississippi. He was sentenced to a term of 20 years, with 5 years to serve in the custody of the Mississippi Department of Corrections ("MDOC"), 15 years suspended, and 5 years of supervised probation. After initially failing to register as a sex offender upon his release from custody, Smith was arrested on August 15, 2016. He was released three days later after completing registration. He was again arrested on October 8, 2016, after a domestic disturbance. On October 17, 2016, Smith's post-release supervision was revoked for violating the terms, and he was ordered to serve 7 years of

the previously suspended time in MDOC custody "with the remaining eight (8) years suspended for five (5) years with post-release supervision." On September 14, 2018, Smith filed a petition for writ of mandamus in the Mississippi Supreme Court, which was denied on November 21, 2018. On January 12, 2018, Smith filed a motion for post-conviction collateral relief challenging his revocation in Walthall Circuit Court. An order denying the motion was entered on May 28, 2019. Smith did not appeal the denial but filed the instant petition seeking habeas relief in this Court on February 15, 2019.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (d)(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] ECF No. 21-1—21-9.

2

Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  See *Madden v. Thaler*, 521 F. App'x 316 (5th Cir. 2013).  AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Under Mississippi law, "an order revoking a suspension of sentence or revoking probation is not appealable."  *Griffin v. State*, 382 So. 2d 289, 290 (Miss. 1980) (citation omitted).  To challenge a revocation, a petitioner must file a motion for post-conviction relief under Miss. Code Ann. § 99-39-5(1)(h).  See *Gray v. State*, 29 So. 3d 791 (Miss. Ct. App. 2009) (citing *Martin v. State*, 556 So. 2d 357, 358–59 (Miss. 1990)).  In this case, Smith's conviction became final on October 17, 2016—the day his sentence was revoked.  To toll the statute of limitations, he was required to "properly-file" a motion for post-conviction collateral relief in state court on or before October 17, 2017.  None of his post-conviction filings are a "properly filed" motion as contemplated by 28 U.S.C. § 2244(d)(2).  *Moore v. Cain*, 298 F.3d 361, 366–67 (5th Cir. 2002).  Thus, AEDPA's one-year statute of limitations ran uninterrupted from October 17, 2016, through October 17,

2017. Absent equitable or statutory tolling, his federal habeas petition filed on January 17, 2019, nearly two years after the AEDPA deadline expired, is time barred.

Smith does not deny that his petition is untimely and has articulated no clear basis for equitable or statutory tolling. In response to the motion to dismiss, Smith asserts as follows:

> That accordingly if Respondent says I['m] not being subject for a second prosecution of the same offense then my Marcus Smith Release/End discharge accordingly to Inmate Time Sheet is 08/03/21. Now I petitioner Marcus Smith #176377 would like to commit until 01/01/28 for the same offense for EQUITABLE TOLLING stated in Amended Relief Subjected to Interrogatorie[s] Question an[d] all of its Relief, for better rehabili[t]ation.[2]

Respondent points out that this response fails to assert any rare or exceptional circumstances to warrant equitable tolling. However, Smith repeatedly writes "mental incompetent" or "mental incompetent to law" in response to the direct appeal and exhaustion questions in his initial petition.

To the extent Smith is asserting that mental incompetency warrants additional tolling, he has not established that this factor, either alone or in combination, was the cause of his delay rather than his lack of diligence. The Fifth Circuit has long recognized that mental illness, if sufficiently severe, may qualify as an extraordinary circumstance that justifies equitable tolling of the AEDPA statutory time period. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). However, while a mental impairment "*may* toll AEDPA's statute of limitations, it does not do so as a matter of right." *Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) (emphasis in original). To warrant equitable

---

[2] ECF No. 30.

tolling, a petitioner has the burden of showing that a physical or mental injury rendered him unable to pursue his legal rights during the relevant limitations period. Mere allegations are insufficient. "[A] petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). Even then, equitable tolling "will not be applied where the applicant failed to diligently pursue relief under § 2254 . . . ." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *Robinson v. Johnson*, 218 F.3d 744 (5th Cir. 2000) (per curiam) (unpublished) ("Robinson was clearly not prevented by his mental state from seeking state post-conviction remedies."). Apart from his statements in his petition referencing mental incompetency, Smith does not provide sufficient supporting facts or submit any evidence establishing that it impaired his ability to timely file his federal habeas petition. *Allen v. Mississippi*, No. 4:10CV26 HTW-LRA, 2011 WL 1196747, at *3 (S.D. Miss. Mar. 4, 2011), *report and recommendation adopted,* 2011 WL 1158657 (S.D. Miss. Mar. 29, 2011). He simply has not supported a mental incompetency claim with sufficient specificity to establish the rare and exceptional circumstances required for equitable tolling.

     He has thus failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations. None of AEDPA's other statutory exceptions are applicable in this case, and none of Petitioner's remaining arguments in his additional filings are relevant or warrant tolling of the statute of limitations. The

evidence in this case supports a finding that the Petitioner's claims are time-barred. It is therefore unnecessary to address the remaining issues. The undersigned recommends that Smith's habeas petition be dismissed with prejudice.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on May 29, 2020.

                                                        s/ Linda R. Anderson
                                      UNITED STATES MAGISTRATE JUDGE